IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EUDULIA ALEJANDRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-4169-JAR |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the court upon plaintiff's Motion for Order Requiring Defendant to Supplement Record (Doc.12). Defendant filed a response in opposition to plaintiff's motion on April 27, 2006 (Doc. 13). Plaintiff has not filed any reply to defendant's response, and her time to do so has now expired.[1] The court, therefore, deems this issue to be fully submitted and ripe for decision.

On December 21, 2004, plaintiff commenced this action by filing a complaint seeking a review and reversal of a decision by the Commissioner of Social Security pursuant to 42 U.S.C.A. § 405(g) and Title 5 U.S.C.A. § 706 (Doc. 1). On March 11, 2005, defendant filed a Motion to Remand the action to the Commissioner for further development because the audiotape record of an administrative hearing, held on May 13, 2004, was found to be inaudible (Doc. 10). The court entered an Agreed Order of Remand pursuant to Sentence Six of 42

---

[1] Pursuant to D. Kan. Rule 6.1(d)(1) "Replies shall be filed and served within 14 days of the service of the response." Therefore, plaintiff's reply was due on or before May 11, 2006.

U.S.C.A. § 405(g) on March 16, 2005 (Doc. 11). The case was remanded to the Commissioner for proceedings consistent with defendant's Motion to Remand. Subsequently, Administrative Law Judge Jesse H. Butler held a hearing on February 21, 2006. Administrative Law Judge Butler issued a decision unfavorable to plaintiff on March 31, 2006, finding plaintiff to be not-disabled at any time.

Plaintiff asks the court to order defendant to supplement the record in this action in compliance with 42 U.S.C.A. § 405(g) within 60 days of a ruling on the instant motion. However, plaintiff provides no argument or authority in support of this request, and makes no demonstration, either that she will suffer unfair prejudice in the absence of such a deadline, or that defendant has been dilatory in preparing and supplementing the record.

In her response, defendant contends that a 60-day time limit to supplement the record will place an undue burden on the Agency as there were only 15 days between the decision by Administrative Law Judge Butler and plaintiff's instant motion. Defendant further states that she intends to comply with the requirements of 42 USCA § 405(g) as expeditiously as possible.

Plaintiff provides no arguments in support of her position that the court should order the defendant to supplement the record within 60 days. Plaintiff also makes no showing that she will suffer unfair prejudice without the establishment of a deadline and no demonstration that defendant has unduly delayed the supplementation of the record. Moreover, no such risk of prejudice to the plaintiff, or appearance of improper delay by defendant, is apparent to the court from the record.

Defendant states in her response that she intends to supplement the record as expeditiously as possible. Because plaintiff has failed to file any reply to defendant's response, the court does not have the benefit of her reaction to defendant's statement, and the court has no reason to believe that defendant's efforts will not result in supplementation of the administrate record at the earliest possible date. Accordingly, the court declines to set a specific deadline for supplementation at this time and will deny plaintiff's motion without prejudice. Plaintiff shall have leave to file a new motion for establishment of a deadline, demonstrating why she believes such a deadline to be necessary, should she deem it advisable in the future.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Order Requiring Defendant to Supplement Record (Doc. 12) is hereby denied without prejudice.

**IT IS SO ORDERED.**

Dated this 7th day of June, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge